```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

A.D., an individual,

       Plaintiff,

v.                                      Case No: 2:22-cv-641-JES-NPM

HOLISTIC HEALTH HEALING INC.,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Amended Motion to Dismiss Plaintiff's Complaint or Motion to Strike (Doc. #15) filed on December 8, 2022. Plaintiff filed a Response in Opposition (Doc. #19) on December 31, 2022.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff filed the Complaint as a survivor of sex trafficking pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA) against Holistic Health Healing, Inc. (Holistic) doing

2

business as the Conty's Motel. Plaintiff alleges that Holistic was involved with staffing and operation of Conty's location in Naples, Florida, and Holistic knowingly benefited or received something of value from its facilitation of or participation in a venture that violated the TVPRA. Holistic owns and operates the property and manages the business known as Conty's Motel.

Plaintiff was allegedly trafficked in the same room at Conty's for 10 to 14 days where she was forced to perform sex acts. When plaintiff checked out, the employee would check the room and would see the used condoms, excessive amounts of dirty linens, and plaintiff being handed an envelope with cash. Plaintiff alleges defendant profited from the sex trafficking by leasing a room to her trafficker and receiving a steady stream of income.

In Count One, plaintiff alleges that defendant had a "statutory obligation not to benefit financially from a venture" that violates the TVPRA and that defendant "breached this duty by participating in a venture which facilitated the harboring and providing of A.D. for the purposes of commercial sex induced by force, fraud, or coercion, by their acts, omissions, and commissions." (Doc. #1, ¶ 53.) Plaintiff alleges that defendant has financially benefited by keeping operating costs low, maintaining loyalty of customers seeking to participate in the sex trade, and from payments for rooms. (Id., ¶ 54.)

**III.**

The TVPRA is a criminal statute that also provides a civil remedy to victims of sex trafficking. Section 1591 of the Act imposes criminal liability for sex trafficking, while section 1595 provides the following civil remedy:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Thus, a sex-trafficking victim may not only sue a sex-trafficking perpetrator for civil liability through a private right of action but may also seek to hold liable "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." Id.

To state a claim under a section 1595(a) beneficiary theory, Plaintiff must allege facts which permit the Court to plausibly infer that the defendant "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) [Defendants] knew or should have known that the venture violated the TVPRA as to [A.D.]." Doe v. Red Roof Inns, Inc., 21 F.4th 714, 723 (11th Cir. 2021). Accordingly, Section

4

1595(a) requires factual allegations which permit the Court to plausibly infer that defendant should have known that Plaintiff was being forced or coerced to commit commercial sex acts against her will. See 18 U.S.C. §§ 1591(a), 1595(a).

### 1. Knowingly Benefited

"'Knowingly benefits' means 'an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.' *Knowledge*, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit 'financially or by receiving anything of value.' Accordingly, a plaintiff like [A.D.] must allege that the defendant knew it was receiving some value from participating in the alleged venture." Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 723-24 (11th Cir. 2021).

Plaintiff generically alleges "Defendant profited from the sex trafficking of A.D. and knowingly or negligently aided, enabled, and facilitated the sex trafficking of A.D." (Doc. #1, ¶ 38.) Plaintiff alleges that "Defendant profited from the sex trafficking of A.D. and knowingly or negligently aided and participated with A.D.'s trafficker with his criminal activity." (Id., ¶ 42.) Plaintiff further alleges:

> 44. The Defendant all financially benefited from the sex trafficking of A.D., and other victims like her, and developed and maintained business models that attract and foster the

>     commercial sex market for traffickers and
>     buyers alike.
>
>     45. Defendant benefit from the steady stream
>     of income that sex traffickers bring to their
>     hotel.
>
>     46. Defendant financially benefit from their
>     ongoing reputation for privacy, discretion,
>     and the facilitation of commercial sex.

(Id., ¶¶ 44-46.) The Court finds that plaintiff has generically alleged a profit, the same profit received from all room rentals, but no facts are stated as to Holistic's actual knowledge of sex trafficking on the premises.

**2. Participation in a Venture**

"The ordinary meaning of "venture" is an undertaking or enterprise involving risk and potential profit" and "[t]he ordinary meaning of participate or participation is to take part in or share with others in common or in an association." Red Roof Inns, 21 F.4th at 725.

Plaintiff alleges that defendant "actively participated in this illegal endeavor by knowingly or negligently providing lodging in which to harbor A.D. while he was trafficking her." (Doc. #1, ¶ 41.) This is the only allegation of active participation, and no allegations are made that defendant did so with, or an association with, the traffickers for a common goal of sex trafficking or to profit from sex trafficking. The only

6

factual allegation of a direct interaction is an employee witnessing plaintiff being handed an envelope. (Doc. #1, ¶ 36.)

### 3. Knew or Should Have Known

Count One alleges that plaintiff is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591(a), and that defendant knew or should have known not to benefit from a venture engaged in violations of 18 U.S.C. § 1591(a). Under Section 1591(a), whoever knowingly "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits" "by any means a person" or benefits "from participation in a venture which has engaged" in such acts knowing that "means of force, threats of force, fraud, coercion" "will be used to cause the person to engage in a commercial sex act" shall be punished. 18 U.S.C. § 1591(a). "But observing something is not the same as participating in it." Red Roof Inns, 21 F.4th at 727.

Other than observing "well-known red flags" such as payments in cash, a continuous procession of men entering and leaving A.D.'s room, there are no allegations that defendant participated in a violation of the TVPRA. In paragraphs 37f and 37g, plaintiff alleges a "personal relationship between various hotel staff and A.D.'s trafficker" and "direct employee encounters with A.D. and her trafficker inside the Conty's Motel Naples." (Doc. #1, ¶ 37.)

7

This is the only reference with no supporting facts as to how, how often, or when these alleged encounters occurred.

**IV.**

Defendant also seeks to strike the allegations in paragraph one[1] of the Complaint as immaterial and unsupported. The Court agrees. See A.D. v. Cavalier Mergersub LP, No. 2:22-CV-095-JES-NPM, 2022 WL 4357989, at *2 (M.D. Fla. Sept. 20, 2022) (citing Doe v. Red Roof Inns, Inc., Case No. 1:19-cv-03840-WMR, 2020 WL 1872335, at *5, 2020 U.S. Dist. LEXIS 67139, at *15 (N.D. Ga. Apr. 13, 2020)).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint or Motion to Strike (Doc. #15) is **GRANTED**. The motion to dismiss is granted and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and

---

[1] Paragraph 1 states: "For decades, criminal sex traffickers have brazenly operated in and out of hotels throughout this country. Victims of sex trafficking are taken to hotel and motel rooms to be repeatedly trafficked, sexually assaulted, demeaned and left with multiple unaddressed injuries, while hotel operators and hospitality giants pay lip service to campaigns against sex trafficking, turning a blind eye to criminal misconduct and collecting profits from the criminal misconduct at the expense of human life, human rights, and human dignity."

Order. The motion to strike is also granted to the extent that the Amended Complaint should omit paragraph one.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of February 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record