```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               FORT MYERS DIVISION
```

A.D., an individual,

       Plaintiff,

v.                        Case No: 2:22-cv-641-JES-NPM

HOLISTIC HEALTH HEALING
INC.,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Strike (Doc. #35) filed on March 23, 2023. Plaintiff filed a Response in Opposition (Doc. #39) on April 13, 2023. The Court previously granted defendant's Motion to Dismiss (Doc. #15) without prejudice to filing an amended pleading. (Doc. #32.) The First Amended Complaint (Doc. #34) is the operative pleading.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must

be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff is a survivor of sex trafficking and seeks damages under the Trafficking Victims Protection Reauthorization Act of

2008 (TVPRA). Plaintiff was commercially trafficked for sex by two different traffickers between approximately February 2012 and August 2012. Defendant Holistic Health Healing, Inc. (Holistic) is doing business as Conty's Motel in Naples, Florida. (Doc. #34, ¶ 13.) Defendant is the owner, operator, and manager of Conty's. (Id. at ¶ 15.) Plaintiff was trafficked continuously in the same room at Conty's for approximately 10 to 14 days. (Id. at ¶ 32.) Plaintiff alleges:

> Defendant knew or should have known that A.D. was being trafficked at its motel due to the numerous indicators, including: payments for the rooms in cash; paying for the room on a daily basis; A.D.'s physical appearance (malnourished, bruised, beaten, drugged, and clothed in inappropriate attire); an abundance of men entering and leaving A.D.'s room in 25-minute increments; excessive requests to employees for sheets, cleaning supplies, and towels; as well as direct encounters employees had with A.D. daily; occupying a room that was littered with large amounts of used condoms, empty lube bottles, as well as excessive bodily fluids on the sheets and towels.

(Id. at ¶ 52.)

### III.

The TVPRA is a criminal statute that also provides a civil remedy to victims of sex trafficking. Section 1591(a) of the Act imposes criminal liability for certain sex trafficking:

> (a) Whoever knowingly--
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports,

> provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C.A. § 1591(a). In addition to a criminal punishment, the TVPRA provides the following civil remedy:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a).

Thus, the TVRPA authorizes a victim of sex trafficking to bring a direct civil claim against the perpetrator of the trafficking and a "beneficiary" civil claim against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18

U.S.C. § 1595(a). To state a claim for beneficiary liability under the TVPRA, Plaintiff must plausibly allege that the defendant "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) [Defendants] knew or should have known that the venture violated the TVPRA as to [A.D.]." Doe v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021).

    **(1)   "Knowingly Benefitted"**

To satisfy the first element of a TVPRA beneficiary claim, plaintiff must allege that defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, 21 F.4th at 724. As the Eleventh Circuit stated,

> "Knowingly benefits" means "an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." *Knowledge*, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit "financially or by receiving anything of value." Accordingly, a plaintiff like the Does must allege that the defendant knew it was receiving some value from participating in the alleged venture.

Id. at 723–24. In the absence of a more stringent statutory pleading requirement, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b).

The Complaint alleges that defendant took cash daily for a room rented in plaintiff's name and received this financial benefit each time she rented a room. (Doc. #34, ¶¶ 57, 58.) Plaintiff

alleges that defendant financially benefited from the sex trafficking via a steady stream of income from traffickers. (Id. at ¶¶ 61-62.) Plaintiff alleges that defendant knowingly profited from the sex trafficking of plaintiff by repeatedly renting rooms that defendant knew or should have known were being used for sex trafficking. (Id. at ¶ 67.) The Court has already found lesser allegations sufficient to satisfy the first element. (Doc. #32, pp. 5-6.) The Court finds that this element has been sufficiently pled.

**(2) Participation in a Venture**

Plaintiff must allege that the benefit(s) received by defendant was from "participation in a venture" which defendant knew or should have known has engaged in an act in violation of the TVPRA. 18 U.S.C. § 1595(a). The Eleventh Circuit rejected the statutory definition of "participation in a venture" found in the criminal provision, § 1591(e)(4), which defined "participation in a venture" as "knowingly assisting, supporting or facilitating a violation of subsection (a)(1)." Instead, the Eleventh Circuit concluded that, in the civil context, the "ordinary meaning of participate or participation is to take part in or share with others in common or in an association." Red Roof Inns, 21 F.4th at 725 (citation omitted).

A complaint must, however, plausibly plead both "participation" and a "venture." As in Red Roof Inns, the Court

begins with the description of the venture A.D. alleges. Red Roof Inns, 21 F.4th at 726. The sex trafficking violation of the TVPRA with respect to A.D. began in November 2011 when a man not identified in the Complaint "took advantage of her innocence and forced her into commercial sex act." (Doc. #34, ¶ 25.) A second trafficker soon became involved, and A.D. became the victim of sex trafficking at Conty's Motel in Naples hotel beginning in August 2012. (Id. at ¶¶ 27, 30.) A.D was trafficked continuously in the same room at Conty's for approximately 10 to 14 days. (Id. at ¶ 32.) Plaintiff alleges that defendant actively participated in a business venture to provide lodging for a trafficker to harbor plaintiff or illegal sex trafficking. (Id. at § 69.) "Defendant's venture was the undertaking or enterprise of renting motel rooms, and Defendant collected profits for renting rooms where A.D. was harbored for commercial sex acts in its motel." (Id. at 73.) "A.D.'s victimization followed a pattern that was readily observable and should have been obvious to Defendant's motel employees based on information available to the public at large and to Defendant." (Id. at 95.)

The Complaint specifically alleges that A.D. was trafficked in violation of the TVPRA[1], which makes it a crime to "cause" a

---

[1] See also (Doc. #34, ¶ 53) ("Defendant knew or should have known that A.D. was harbored, provided, obtained, patronized, and/or solicited for the purpose of commercial sex acts by means of a combination of force, fraud and coercion, in violation of the

person under 18 years old to "engage in a commercial sex act." 18 U.S.C. § 1591(a). (Id. at ¶¶ 21-22.) As in Red Roof Inns[2], the Court finds insufficient factual allegations to plausibly establish that defendant participated in a common undertaking of a sex trafficking venture involving risk or profit. Red Roof Inns, 21 F.4th at 727. The "participation" in the sex trafficking venture is essentially that the hotel operator did not fight hard enough to keep these traffickers from using their hotel. The Complaint acknowledges that defendant opposed sex traffickers, but faults defendant for taking ineffective steps to curtail the traffickers. (Doc. #34, ¶ 8) ("With knowledge of the problem, and as a direct and proximate result of Defendant's multiple failures and refusals to act, mandate, establish, execute, and/or modify their anti-trafficking efforts, A.D. was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's motel.").

This hardly sounds like *participating* in a venture. "[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking." A.B. v. Wyndham Hotels & Resorts, Inc., 532 F. Supp. 3d 1018, 1027 (D. Or. 2021) (citation omitted). See also Red Roof Inns, Inc., 21 F.4th at 727 ("[O]bserving something is not the same as participating in it."); L.H. v. Marriott Int'l, Inc.,

---

TVPRA.").

[2] Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021).

604 F. Supp. 3d 1346, 1361 (S.D. Fla. 2022) (finding that "any local business venture that simply *allowed* the trafficking by 'failing to combat sex trafficking through ineffective policies, procedures, and training for the purpose of maximizing their profit'" was "not enough to trigger TVPRA liability." (emphasis in original)); A.D. v. Wyndham Hotels & Resorts, Inc., 4:19CV120, 2020 U.S. Dist. LEXIS 250759, 2020 WL 8674205, at *3 (E.D. Va. July 22, 2020) ("[A] failure to affirmatively prevent or inhibit sex trafficking does not constitute participation.").

The Court concludes that A.D. has not plausibly alleged that defendant participated in a venture that violated the TVPRA.

**(3) Objective of the Venture**

To satisfy the third element, plaintiff must allege that "the venture in which the defendant participated and from which it knowingly benefited must have violated the TVPRA as to the plaintiff." Red Roof Inns, 21 F.4th at 725. Here, the Complaint alleges that A.D. was sex trafficked in violation of § 1591(a). (Doc. #34, ¶¶ 11, 21, 22, 56, 103-104.) These allegations are sufficiently pled.

**(4) Actual or Constructive Knowledge**

The final element of a TVPRA beneficiary claim comes from the statutory requirement that the defendant "knew or should have known [that the venture] has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This requires the plaintiff to

allege that the defendant had either actual or constructive knowledge that the venture violated the TVPRA as to the plaintiff. Red Roof Inns, 21 F.4th at 725. Thus, Plaintiff must plausibly allege that defendant at least constructively knew "that the venture in which they participated and from which they benefited violated the TVPRA as to" A.D.  Red Roof Inns, 21 F.4th at 725. Since the "participation" and "venture" components are not sufficiently plead, the actual or constructive knowledge of participation in such a venture cannot be plausible pled either.

**IV.**

Defendant also seeks to strike references to online public reviews demonstrating knowledge of "the rampant culture of sex trafficking" occurring at Conty's" because none of them could have contributed to defendant's knowledge of plaintiff's claim.  (Doc. #35, pp. 9-10.)  Defendant also seeks to strike reference to defendant's knowledge of law enforcement activity that occurred after the trafficking in this case.  (Id., p. 10.)

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

> 'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.' Hutchings v. Fed. Ins. Co., 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008). It is not intended to 'procure the dismissal of all

> or part of a complaint.' Id. Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.' Id.

Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012). As the First Amended Complaint is being dismissed without prejudice, the motion to strike will be denied as moot.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Strike (Doc. #35) is **GRANTED** as to the motion to dismiss and **DENIED** as moot as to the motion to strike. The First Amended Complaint is **dismissed** without prejudice to filing a Second Amended Complaint.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of April 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record